IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01496-MSK-MEH

WATERSHED LLC, a Republic of Seychelles limited liability company,

    Plaintiff,

v.

COLUMBUS LIFE INSURANCE COMPANY, an Ohio corporation,

    Defendant.

---

**ORDER ON MOTION TO STRIKE**

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion to Strike Part of the Expert Report of J. Daniel Perkins [filed March 9, 2011; docket #122]. The motion is fully briefed and has been referred to this Court for disposition. For the reasons that follow, the motion is **granted in part and denied in part**.

    J. Daniel Perkins was designated as a rebuttal expert by Defendant on November 15, 2010. Plaintiff's primary issue with Mr. Perkins' report is that it contains an opinion Plaintiff claims is not in rebuttal to the opinion(s) proffered by Plaintiff's expert, Gary Chartier. Plaintiff asserts that it has not had the opportunity to depose Mr. Perkins concerning the challenged opinion because his deposition was cut short by an untimely death in defense counsel's family.

    First, Plaintiff offers no legal support for its contention that one of Mr. Perkins' opinions should be stricken for failure to rebut Mr. Chartier's opinion(s). Even if he had, however, the Court finds that the challenged opinion is properly included in the report; while Perkins opines that Defendant properly denied reinstatement of the subject policy in rebuttal to Mr. Chartier's report, he further opines, apparently based upon his training and experience, as to an additional basis upon which Defendant could have properly denied reinstatement of the policy. As stated, Plaintiff

provides no legal authority and the Court finds nothing improper about a rebuttal expert providing alternative bases or causes from which an alleged harm has occurred. Thus, on this argument alone, the Court will not strike the challenged portion of the report.

Plaintiff also claims that the facts do not support Mr. Perkins' conclusion and, thus, the opinion should be stricken. However, again, Plaintiff provides no legal support for this contention and the Court finds no basis upon which to deny admission of Mr. Perkins' testimony based upon a mere dispute of the facts. To the extent that Plaintiff challenges Mr. Perkins' opinion pursuant to Fed. R. Evid. 702, the Court finds such argument to be incomplete and unsupported by any legal authority, and will deny such challenge without prejudice. *See* D.C. Colo. LCivR 7.1C.

Finally, to the extent the opinion is not stricken by the Court, the Plaintiff seeks an order permitting it to depose Mr. Perkins on this single issue. Defendant, in response to the motion, proffers no objection to Plaintiff's request.[1] Therefore, in the interests of justice, the Court will allow the Plaintiff to take a limited deposition of Mr. Perkins solely with respect to his opinion found at section C under the Analysis portion of Mr. Perkins' report. The deposition shall be conducted on or before May 17, 2011 and shall be no longer than three (3) hours in duration.

Accordingly, for the reasons stated herein, Plaintiff's Motion to Strike Part of the Expert Report of J. Daniel Perkins [filed March 9, 2011; docket #122] is **granted in part and denied in part**. Plaintiff's request to strike Mr. Perkins' opinion found at section C of the Analysis portion of his report is denied; however, consistent with this order, the Plaintiff may take a deposition of Mr. Perkins, at its own cost, concerning Mr. Perkins' opinion.

---

[1] Defendant primarily objects to Plaintiff's motion asserting that the Court "has previously ruled that the Expert Report of J. Daniel Perkins is properly before the Court in its entirety." Response, docket #132 at 2. However, the Court agrees with Plaintiff that its previous ruling focused solely on Plaintiff's challenge that the report was inadmissible hearsay and Defendant's subsequent cure for the deficiency; thus, the challenges set forth in Plaintiff's present motion are distinct from that ruling.

Dated at Denver, Colorado, this 19th day of April, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge