IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01496-MSK-MEH

WATERSHED LLC, a Republic of Seychelles limited liability company,

    Plaintiff,

v.

COLUMBUS LIFE INSURANCE COMPANY, an Ohio corporation,

    Defendant.

---

**ORDER ON MOTION FOR CLARIFICATION**

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion for Clarification of the Court's February 14, 2011 Minute Order as to Whether "The Costs of Deposition" Include Travel and Lodging Expenses [filed June 30, 2011; docket #137]. The motion is fully briefed and has been referred to this Court for disposition. For the reasons that follow, the motion is **granted in part and denied in part**.

**I.  Background**

    On December 21, 2010, the parties filed cross motions for summary judgment in this case. *See* dockets #45, #48 and #50. After requests for extension of time were granted, the parties filed responses to the summary judgment motions on February 3, 2011. Dockets #61 and #66. On February 9, 2011, Plaintiff filed a "Renewed Motion to Strike, or in the Alternative, To Take Discovery Pursuant to Fed. R. Civ. P. 56(d)(2)" seeking an order striking the affidavit of David Overley, which was attached to, and in support of, Defendant's Motion for Summary Judgment, or an order permitting Plaintiff to take Mr. Overley's deposition. *See* docket #70. Defendant objected to Plaintiff's request for an order striking the affidavit, but did not oppose Plaintiff's request to take the deposition. *Id.* Judge Krieger referred the motion to this Court for disposition on February 11,

2011. Docket #92.

Although not fashioned as such, this Court properly construed Plaintiff's motion as brought pursuant to Fed. R. Civ. P. 37(c)(1) for failure to disclose a witness as required by Rule 26(a) and (e). Mindful that the parties were in the midst of briefing on the dispositive motions, this Court promptly issued a minute order on February 14, 2011, denying Plaintiff's request to strike Mr. Overley's affidavit, but granting the request to take Mr. Overley's deposition. Docket #97. The Court stated, "Defendant shall be responsible for the costs of the deposition, which do not include attorney's fees." *Id.* The Court further ordered that Plaintiff be permitted to file a supplement to its response to Defendant's summary judgment motion on or before February 28, 2011, with any information gleaned from the deposition. *Id.* No objections were filed concerning this order.

According to Plaintiff, Mr. Overley's deposition was taken on February 23, 2011, in Cincinnati, Ohio. *See* docket #137. On May 10, 2011, Plaintiff submitted an invoice to the Defendant for the "costs" of the deposition, including the court reporter, airfare, hotel, taxi and parking expenses. *See* docket #139-1 at 3. The costs total $2,790.86. *Id.* On May 31, 2011, Defendant provided reimbursement for the court reporter's expense, but declined to pay the remainder of the travel and lodging costs. *See* docket #139-1 at 9. After additional communication between the Plaintiff's and Defendant's counsel on the disputed costs, the present motion followed on June 30, 2011, in which the Plaintiff seeks clarification as to whether the Court's award of costs includes travel and lodging expenses.

**II.     Discussion**

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

*Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead

of this sanction, the court, on motion and after giving an opportunity to be heard:

(A)  may order payment of the reasonable expenses, *including* attorney's fees, caused by the failure; ...

Fed. R. Civ. P. 37(c)(1) (2011) (emphasis added). The district court has broad discretion both to impose sanctions for discovery abuses under Rule 37 and to decide whether any Rule 26(a) violation was justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 992-93 (10th Cir. 1999); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). In construing Rule 37(c)(1), "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply*, 170 F.3d at 993.

In the instant case, the Court made summary findings due to the urgency of the matter. That is, from Defendant's accordance with Plaintiff's request to take Mr. Overley's deposition, the Court deduced that Mr. Overley was, in fact, not disclosed by Defendant during the discovery period and, as such, Defendant agreed that taking Mr. Overley's deposition would rectify any prejudice to the Plaintiff for Defendant's failure to disclose. With this in mind, the Court concluded not only that any prejudice as a result of the failure to disclose could be cured by a deposition, but also that it would be in the interest of justice that Plaintiff should not bear the costs of unexpected and immediate discovery brought on by Defendant's failure. At the same time, the Court acknowledged Defendant's willingness to concede to the "out-of-time" discovery by excluding the reimbursement of any attorney's fees from the "reasonable expenses" allowed under Rule 37(c)(1).

The Court notes that, due to the urgency of the matter, the Defendant was not given the

opportunity to be heard regarding the reasonableness of the cost award.  Consequently, while the Court has clarified that "costs" identified in its February 14, 2011 order refers to all reasonable expenses incurred in the taking of Mr. Overley's deposition excluding attorney's fees, the Court will not grant the motion to award the total amount requested by Plaintiff until the Defendant has been heard as to the reasonableness of the amount.  Therefore, the Court will permit the Plaintiff to file a motion seeking an award of the "reasonable expenses" incurred as a result of taking Mr. Overley's deposition and allow the motion to proceed through briefing in accordance with D.C. Colo. LCivR 7.1C.

Accordingly, for the foregoing reasons, Plaintiff's Motion for Clarification of the Court's February 14, 2011 Minute Order as to Whether "The Costs of Deposition" Include Travel and Lodging Expenses [filed June 30, 2011; docket #137] is **granted in part and denied in part** as set forth herein.  On or before August 15, 2011, the Plaintiff may file a motion, with supporting affidavit, seeking an award of reasonable expenses incurred in the taking of David Overley's deposition on February 23, 2011.  The motion will proceed through briefing in accordance with D.C. Colo. LCivR 7.1C and all applicable rules.

Dated at Denver, Colorado, this 3rd day of August, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge